IN THE UNITED STATES DISTRICT COURT
               FOR THE EASTERN DISTRICT OF PENNSYLVANIA

INTERNATIONAL UNION OF PAINTERS :       CIVIL ACTION
AND ALLIED TRADES DISTRICT       :
COUNCIL NO. 21 HEALTH AND        :
WELFARE FUND, et al.             :
                                 :
         v.                      :
                                 :
RUGGEAR PAINTING, INC.           :       NO. 11-6741


                              MEMORANDUM

Bartle, J.                                          May 23, 2012

          The plaintiffs are a union, its various benefit funds,

and the trustee of one of the funds.  They have brought this

action against defendant Ruggear Painting, Inc. ("Ruggear") for

allegedly failing to make contributions to the funds between 2008

and 2012 that were required under a series of collective

bargaining agreements between the union and Ruggear.  The

plaintiffs requested a judgment in the amount of $248,989.57 in

principal contributions from August 2008 through the present,

plus $15,273.41 in interest, $64,797.91 in liquidated damages,

and $18,384.30 in attorneys' fees, for a total judgment of

$347,445.19.  In the alternative, the plaintiffs requested a

judgment of $186,953 for the payments owed from the period of

October 2010 through February 2012, plus $6,640 in interest,

$48,640.60 in liquidated damages, and $18,384.30 in attorneys'

fees, for a total judgment of $260,617.90.

The President of Ruggear, Anthony Ruggear, admitted in his deposition during discovery that he stopped making the required payments to the plaintiffs in October 2010 and owes the plaintiffs "roughly $187,000."  Ruggear denies that anything else is due.  Accordingly, we will grant the plaintiffs' request for summary judgment in the amount of $186,953 for the contribution payments owed from the period of October 2010 through February 2012.

The plaintiffs produced a declaration of Thomas J. Crowther ("Crowther"), the administrator of the funds, in support of their summary judgment motion.  This declaration states that Ruggear owes $248,989.57 in principal contributions from August 2008 through the present, $15,273.41 in interest, $64,797.91 in liquidated damages, and $18,384.30 in attorneys' fees. Crowther's declaration does not, however, provide the amount of interest and liquidated damages owed on the amount of the principal that has been conceded, that is $186,953.  The plaintiffs' briefing contends that these amounts are $6,640 in interest and $48,640.60 in liquidated damages.  The plaintiffs have not produced sufficient evidence for us to determine how these calculations were made.

Regarding the interest, the only evidence that the plaintiffs have adduced is that it was to accrue "from the due date of the contribution ... at the rate charged at the time of the audit by the Internal Revenue Service for delinquent taxes in accordance with Sec 6621(a) of the Internal Revenue Code

applicable to the period of delinquency plus one percentage point
in excess of such rate."  The plaintiffs have not established the
interest rate charged by the IRS for delinquent taxes during the
period of delinquency.  This rate changes quarterly.  Nor have
they explained whether this interest was simple or compounded.
We do not have enough information to determine whether the
plaintiffs' attorneys are correct that the interest on the
$186,953 should be $6,640, and no declaration has been produced
to this effect.  Accordingly, we must deny the request for $6,640
in interest.

As for the liquidated damages, the agreements between
the parties provided for liquidated damages in the amount of $500
"[i]f a contribution report is submitted by the due date, but the
contribution owed is not received by the due date" or in the
amount of $750 "[i]f neither a contribution report nor the
contributions owed are received by the due date."  Again, there
is nothing in the record regarding whether or not contribution
reports were submitted, regarding the liquidated damages owed
solely on the amount of principal that has been conceded.
Accordingly, we must deny the motion for summary judgment insofar
as it requests $48,640.60 in liquidated damages.

We will grant the request for $18,384.30 in attorneys'
fees because Crowther declared this amount to be true and
correct, and the amount of attorneys' fees does not change
depending on the amount of principal.

In sum, we will enter judgment in the amount of
$186,953 in principal and $18,384.30 in attorneys' fees for a
total judgment of $205,337.30.